**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

                            **CRIMINAL NO. 3:00CR24-02**
                            **(Judge Bailey)**

**ARTHUR LEE HAIRSTON, JR.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

On July 3, 2007, the above styled matter came before this Court for a hearing on a Petition for Warrant or Summons for Offender Under Supervision. Paul T. Camilletti, Assistant United States Attorney, appeared on the government's behalf. The Defendant was present and represented by counsel, Brian C. Crockett, Assistant Federal Public Defender.

## PROCEDURAL HISTORY

On March 16, 2007, the Defendant was named in six counts of an indictment charging him with narcotics violations in the United States District Court for the Northern District of West Virginia. Pursuant to a plea agreement, the Defendant pled guilty and was committed to the custody of the United States Bureau of Prisons for a term of seventy-eight months, followed by three years of supervised release. On October 30, 2007, the United State Probation Office submitted a Petition reporting that the Defendant admitted to illegal drug use and reported to the Probation Officer late, in violation of the terms of his supervised release. The Court adopted the Probation Officer's recommendation that no action be taken at that time. On February 2, 2007, the Probation Office submitted a second Petition, alleging that the Defendant violated an additional four mandatory

conditions of his supervised release. Mr. Miller, the petitioning U.S. Probation Officer, recommended that the Defendant's term of supervision be revoked. The Petition was signed by Magistrate Judge David J. Joel on February 5, 2007, and a warrant was issued for the Defendant's arrest. The Defendant was arrested and eventually transferred to federal custody on June 18, 2007, and held pending a hearing on the Petition.

## DISCUSSION

After determining that the Defendant had examined a copy of the Petition with his attorney, the Court learned that a partial agreement had been reached between the United States and the Defendant. The Defendant agreed to admit to the allegations contained in the Petition, the United States would recommend a sentence of no more than twelve months and one day in prison, and the Defendant would then argue in favor of a different combination of incarceration and supervised release.

Before accepting the agreement, the Court asked the Defendant whether he understood: 1) he had the right to a hearing at which the government would be required to establish the allegations of the Petition by clear and convincing evidence; 2) he had a right to confront his accusers and cross-examine the witnesses presented by the United States; 3) he had a right to present witnesses and evidence and could elect to take the stand and testify on his own behalf or he could elect to not take the stand; 4) he had a right to the assistance of counsel; and 5) if he waived his right to a hearing, no hearing would be held and the United States would not be required to produce any evidence or witnesses to prove the allegations in the Petition and those allegations would be taken as admitted and true. The Defendant stated he understood he was waiving those rights. The Court accepted the Defendant's waiver of the hearing and accepted his admission of the Petition's allegations.

# FINDINGS OF FACT AND CONCLUSIONS

This Court recommends the following findings of fact based upon clear and convincing proof from the uncontested and admitted allegations contained in the Petition:

1. The Defendant knowingly and voluntarily waived his rights and admitted guilt concerning the allegations in the Petition.

2. The Defendant admitted to using heroin during the week of October 9, 2006, and he used cocaine on October 16, 2006.

3. The Defendant did not report to the Probation Officer during the first five days of October 2006.

4. An arrest warrant was issued for the Defendant on December 6, 2006, as a result of a domestic incident that occurred on December 4, 2006.

5. The Defendant did not report to or file required monthly reports with the Probation Officer in December 2006 or January 2007.

6. The Defendant failed to report to CiCi's Pizza for work on December 5, 2006, and, as a result, his employment was terminated.

7. The Defendant failed to report for scheduled drug testing on December 5, 2007.

8. The above actions constitute violations of mandatory conditions of the Defendant's supervised release.

9. There is a preponderance of evidence proving that the Defendant violated the mandatory conditions of his supervised release requiring that he:

    a) Not commit another federal, state, or local crime;

    b) Refrain from any unlawful use of a controlled substance;

c) Report to the Probation Officer during the first five days of each month;

d) Refrain from any new violations of law;

e) Maintain regular employment;

f) Submit to drug testing as directed by the Probation Officer.

10. Neither the Defendant nor the government objected to the Court's determination that the Defendant should serve a term of nine months in the custody of the Bureau of Prisons. The incarceration should not be followed by any period of supervised release.

## **RECOMMENDATIONS**

This Court respectfully recommends the following:

1. The Defendant's supervised release be revoked;

2. The district court adopt the Defendant's admissions and sentence the Defendant to nine months in the custody of the Bureau of Prisons, followed by no period of supervised release;

3. That the district court make the following recommendations to the Bureau of Prisons:

   a) That the Bureau of Prisons evaluate the Defendant's time served in jail since February 27, 2007, and give the Defendant all appropriate credit for time served;

   b) That the Defendant be incarcerated in Morgantown, West Virginia; and

   c) That the Defendant participate in any available drug treatment programs while in the custody of the Bureau of Prisons.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. §636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to transmit true copies of this Report and Recommendation to the Defendant and all counsel of record in this matter.

**DATED** this 6th day of July 2007.

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE